[Civ. No. 6229. Fourth Dist. Jan. 27, 1960.]

HERMENA B. REDWOOD, Appellant, v. STATE OF CALIFORNIA et al., Respondents.

Herbert Licker for Appellant.

Robert E. Reed, Harry S. Fenton, Robert F. Carlson, Kenneth G. Nellis and James M. Moose, Jr., for Respondents.

MONROE, J. pro tem.*—The plaintiff brought this action to recover damages for personal injuries received when she fell upon a sidewalk in Laguna Beach on October 2, 1957. It is alleged that the sidewalk was owned and maintained by the State of California. The action was dismissed as to the state, and now involves only the state employees John L. Rime and James W. Sutton. The defendants filed motion for summary judgment which was granted, and from this judgment appeal is taken.

It was shown that verified claims were served upon respondent Rime on December 26, 1957, and upon respondent Sutton on December 23, 1957. Both respondents were employed by the Department of Public Works. On December 21, 1957, a verified claim was served on the State Board of Control. On May 23, 1958, a verified copy of the complaint was served upon the Governor of California. No verified claim was served on the Governor.

The sole issue involved was whether or not, under the facts as stated, there was substantial compliance with Government Code, section 1981, as would permit this action to be maintained.

Section 1981 of the Government Code provides in substance that where action is based upon a claim of negligence of a public officer or employee, notice shall be served upon him and upon the clerk or secretary of the body by which he is employed, within 90 days after the accident. It states, "In the case of a state officer the claim shall be filed with the officer and the Governor." It is well established that section 1981 requires the service of a verified claim not only upon the officers sought to be charged but also upon the other officer designated; in the case of a state officer, the Governor. (*Huffaker* v. *Decker*, 77 Cal.App.2d 383 [175

*Assigned by Chairman of Judicial Council.

P.2d 254] ; *Veriddo* v. *Renaud,* 35 Cal.2d 263 [217 P.2d 647] ; *Ansell* v. *City of San Diego,* 35 Cal.2d 76 [216 P.2d 455].) Section 1980 of the Government Code provides that "officer" includes an employee for the purposes of this law.

■ The appellant cites many decisions of California courts to the effect that substantial compliance with the claims statute is all that is required. These cases, however, go to the contents of the claim filed, holding that where a claim is filed but the statement of the claim is imperfect, nevertheless, wherever possible it will be held that the claimant has made a substantial compliance with the statute.

In *Hall* v. *City of Los Angeles,* 19 Cal.2d 198 [120 P.2d 13], the court said at page 202:

"In each of these cases there was compliance with all of the requirements enumerated by the statute, but the manner of complying with one of them was defective. The courts held that a defect in the form of compliance is not fatal so long as there is substantial compliance with the essentials of the requirement. In the present case, however, there is an entire failure on the part of the plaintiff to comply with one of the mandates of the statute. Substantial compliance cannot be predicated upon no compliance. A contrary holding would permit a claimant to bring suit against a city on the basis of a claim that included none of the information required by the statute if he offered to show that the city acquired the information independently of the claim. Such a holding would emasculate the statute."

Appellant places particular reliance upon *Alderson* v. *County of Santa Clara,* 124 Cal.App.2d 334 [268 P.2d 792, 52 A.L.R.2d 1393]. In that case the claim was duly filed on behalf of minor plaintiffs who suffered injuries. It was held that there was sufficient compliance to permit the mother, suing on behalf of the children, to also recover medical expenses which she had paid. The foregoing was based on *Kelso* v. *Board of Education,* 42 Cal.App.2d 415 [109 P.2d 29], holding that the claim of the parent for special damages for medical expense was an integral part of the minors' claim for damages for injuries. Appellant contends that because the mother in the Alderson case filed no claim on behalf of herself that the case stands as authority that there may be substantial compliance although no claim be filed at all. We do not feel that the ruling in the Alderson case can be extended that far.

■ It has been repeatedly held that where the claims

statute provides for the person upon whom the claim is to be served, that service upon another is insufficient. (*Continental Ins. Co.* v. *City of Los Angeles,* 92 Cal.App. 585 [268 P. 920] ; *Douglass* v. *City of Los Angeles,* 5 Cal.2d 123 [53 P.2d 353] ; *Wilkes* v. *City & County of San Francisco,* 44 Cal.App. 2d 393 [112 P.2d 759].)

In support of appellant's contention it is urged that the service upon the individuals and the State Board of Control necessarily gave notice and knowledge to everyone concerned of the happening of the accident and the claims made, and that the filing of the claim with the Governor could serve no useful purpose. ■ It has been held that the claims statutes are in all respects valid; that they must be at least substantially complied with, and that knowledge of the accident and of the proposed claim is not sufficient. (*Hall* v. *City of Los Angeles, supra* ; *Allen* v. *Los Angeles City Board of Education,* 173 Cal.App.2d 126 [343 P.2d 170] ; *Ghiozzi* v. *City of South San Francisco,* 72 Cal.App.2d 472 [164 P.2d 902].)

It follows, therefore, that the trial court was correct in ruling that because of the failure to comply with the provisions of section 1981 of the Government Code, by not serving verified claim on the Governor, no action could be maintained.

Judgment affirmed.

Griffin, P. J., and Shepard, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 23, 1960.