[Civ. No. 29493.   Second Dist., Div. Three.   May 10, 1967.]

JOSEPHINE JACKSON, Plaintiff and Appellant, v. BOARD OF EDUCATION OF THE CITY OF LOS ANGELES, Defendant and Respondent.

Brody, Grayson & Green, Samuel S. Brody and Joseph T. Vodnoy for Plaintiff and Appellant.

Veatch, Thomas, Carlson & Dorsey, Robert P. Dorsey and Henry F. Walker for Defendant and Respondent.

MOSS, J.—Appellant brought this action for the wrongful death of her son against the Board of Education of the City of Los Angeles, the City of Los Angeles, and several individuals. She appeals from a summary judgment entered in favor of respondent Board of Education of the City of Los Angeles.

The sole question presented on this appeal is whether the claim which appellant presented to the City of Los Angeles satisfied the statutory requirements for presentation of a claim to the respondent board of education.

Appellant's son was drowned on June 23, 1963 at Huntington State Beach, which is located outside the City of Los Angeles, while on a surfing party with a group of students from Lincoln High School, a school within the Los Angeles City School District. Appellant alleged in her complaint that the death was caused by the negligent supervision by defendants of the students, including appellant's son. On July 25, 1963, within the one hundred days specified by section 715 of the Government Code, appellant filed with the city clerk a claim addressed to the City of Los Angeles in which she stated the particulars of her claim as follows: "Accident occurred on 6/23/63 between 4 and 5 p.m. at Huntington State Beach, Lot No. 2—Group of students from Lincoln High School went for a beach party—surfing. There was not proper supervision while in the water." The City of Los Angeles denied appellant's claim on August 23, 1963, the 61st day after her son was downed. At no time did she file a claim with the respondent board of education.

█ Appellant argues in effect that she substantially complied with the statutory claims presentation requirement when she addressed her claim to the city and presented it to the city clerk. This argument is untenable.

On August 23, 1963, when the city rejected appellant's claim,[1] section 710 of the Government Code[2] provided that

---

[1]The procedural provisions of the California Tort Claims Act of 1963 for claims presentation and actions against public entities were enacted by Stats. 1963, ch. 1715 as Gov. Code, §§ 900-978.8. As to claims presented and rejected before September 20, 1963, the effective date of the act, the ordinary statute of limitations prescribed by the Code of Civil Procedure applied (see ch. 1715, § 152(d), former Gov. Code, § 719, and Van Alstyne, Cal. Government Tort Liability, p. 473.) Appellant filed this action on June 22, 1964, within the one-year statute of limitations prescribed by Code of Civ. Proc., § 340.

[2]Section 710 of the Government Code provided: "No suit for money or damages may be brought against a local public entity on a cause of action for which this chapter requires a claim to be presented until a

no suit for money or damages could be brought against a "local public entity" until a written claim had been presented to the entity. Section 700 of the Government Code[3] defined "local public entity" to include "any county or city and any district, local authority or other political subdivision of the State." Section 714 of the Government Code required that claims be presented to the clerk, secretary or auditor of the local public entity to be sued or its governing body.[4] Section 926 of the Education Code[5] provided that claims for money or damages against a school district are governed by the provisions of the Government Code.

By statute, the school board, not the city, was liable for any judgment against the school district arising out of the event mentioned in appellant's claim (Ed. Code, § 903)[6] and the judgment was payable out of school funds to the credit of the district (Ed. Code, § 904).[7] The school district and the city were and are separate and distinct public entities. (*Ward* v. *San Diego School Dist.*, 203 Cal. 712, 715-716 [265 P. 821] [members of the school board held not to be city officers]; *Esberg* v. *Badaracco*, 202 Cal. 110, 118-119 [259 P. 730] [city and county had no discretion to revise budget prepared by board of education]; *Kennedy* v. *Miller*, 97 Cal. 429, 432 [32 P. 558] [city ordinance concerning deposit of school fund of city could not supersede requirements of the Political Code];

written claim therefor has been presented to the entity in conformity with the provisions of this article.'' Repealed by Stats 1963 ch. 1715 § 6. The substance of section 710 is presently found in Gov. Code, § 945.4.

[3]Repealed by Stats. 1963, ch. 1715, § 6, and reenacted in part as Gov. Code, § 900.4.

[4]Section 714 provided in full: "A claim may be presented to a local public entity (1) by delivering the claim to the clerk, secretary or auditor thereof within the period of time prescribed by Section 715 or (2) by mailing the claim to such clerk, secretary or auditor or to the governing body at its principal office not later than the last day of such period. A claim shall be deemed to have been presented in compliance with this section even though it is not delivered or mailed as provided herein if it is actually received by the clerk, secretary, auditor or governing body within the time prescribed." (Section 714 was repealed by Stats. 1963, ch. 1715, § 6. Its provisions are presently found in Gov. Code, § 915.)

[5]Repealed by Stats. 1963, ch. 629, § 1.

[6]Ed. Code, § 903 provided as follows: "The governing board of any school district is liable as such in the name of the district for any judgment against the district on account of injury to person or property arising because of the negligence of the district, or its officers or employees." Repealed by Stats. 1963, ch. 629, § 1, ch. 1681, § 5. Section 903 was assimilated in the California Tort Claims Act of 1963. See Gov. Code, § 815.

[7]Ed. Code, § 904, was repealed by Stats. 1963, ch. 629, § 1. The substance of this section is presently contained in Ed. Code, § 1013.

*Kelso* v. *Board of Education,* 42 Cal.App.2d 415, 420 [109 P.2d 29] [city ordinance limiting time in which to present claims held not to apply to claims against school district].)

Therefore, the presentation of appellant's claim to the city was not equivalent to a presentation of the claim to respondent board of education. Nor was respondent board of education required to present affidavits in support of its motion to establish the fact that the school district and city are separate entities, since that fact is established by the statutory and decisional law of this state of which the court could take judicial notice. (Code Civ. Proc., § 1875, subd. 3.)

Appellant urges that the city clerk should be regarded as a subordinate representative of the board of education for the purpose of receiving her claim under the holding of *Natural Soda Products Co.* v. *City of Los Angeles,* 23 Cal.2d 193, 202 [143 P.2d 12]. There a claim which was required to be filed with the board of water commissioners (the board which supervised the water department) was held to satisfy the claim presentation requirement when it was mailed by the plaintiff to the water department and the mail clerk who received the claim in turn forwarded it through channels to the board of water commissioners. That case is distinguishable on the ground that the claim there was presented to a subordinate official of, and ultimately found its way to, the city department with authority to pay it. Here the claim was not addressed to the school board which was the entity charged with the responsibility to pay the claim if allowed, and it was not presented to a subordinate official of the school board, but rather to a principal officer of the city.[8]

The principal purpose of the requirement that claims be filed is to give the public entity against whom a claim is asserted timely notice of the nature of the claim so that it may investigate and settle claims having merit without litigation. (*Dias* v. *Eden Township Hospital Dist.,* 57 Cal.2d 502, 503 [20 Cal.Rptr. 630, 370 P.2d 334].) This purpose is served where the claim presented is defective but substantially complies with the claims statute. (See for example *Peters* v. *City & County of San Francisco,* 41 Cal.2d 419 [260 P.2d 55]; *Sheeley* v. *City of Santa Clara,* 215 Cal.App.2d 83 [30 Cal.

[8]Section 44 of the Charter of the City of Los Angeles establishes the office of city clerk and provides that the city clerk shall be appointed by the mayor. The authority of the board of education to appoint ''a secretary, an auditor . . . and other employees as may be necessary to carry into effect the powers and duties of the board'' is contained in § 260(2) of the Charter.

Rptr. 121]; *Johnson* v. *City of Oakland,* 188 Cal.App.2d 181 [10 Cal.Rptr. 409]; *Parodi* v. *City & County of San Francisco,* 160 Cal.App.2d 577 [325 P.2d 224]; *Uttley* v. *City of Santa Ana,* 136 Cal.App. 23 [28 P.2d 377]; *Johnson* v. *City of Los Angeles,* 134 Cal.App.2d 600 [285 P.2d 713]; *Cameron* v. *City of Gilroy,* 104 Cal.App.2d 76 [230 P.2d 838]; *Sayre* v. *El Dorado etc. School Dist.,* 97 Cal.App.2d 333 [217 P.2d 713]; *Ridge* v. *Boulder Creek etc. School Dist.,* 60 Cal.App.2d 453 [140 P.2d 990]; *Silva* v. *County of Fresno,* 63 Cal.App.2d 253 [146 P.2d 520].) The doctrine of "substantial compliance" is not applicable to appellant's claim because it was not addressed to the public entity which she seeks to charge on this appeal.[9] Furthermore, the contents of the claim gave no indication that appellant was seeking damages against the board of education.

The judgment is affirmed.

Ford, P. J., and Cobey, J., concurred.

---

[9] To assist claimants in determining to which public entity they should direct their claims, the 1963 Calif. Tort Claims Act added the requirement that the names and addresses of public agencies and their officers be maintained in an indexed roster of public agencies by the secretary of state and each county clerk. Presentation of a claim to any public agency which has failed to file this information is not required. Provisions relating to the maintenance of the roster of public agencies and its impact on claims presentation requirements are now found in Gov. Code, §§ 915, 946.4, 53050 and 53051.