[Civ. No. 12266. Fourth Dist., Div. Two. Apr. 9, 1973.]

RAY JAMISON, Plaintiff and Appellant, v.
STATE OF CALIFORNIA, Defendant and Respondent.

514

## Counsel

Levy & Van Bourg and Walter Klein for Plaintiff and Appellant.

Clausen, Gilliland and Hanrahan and Victor M. Cox for Defendant and Respondent.

## Opinion

**KERRIGAN, J.**—On January 18, 1971, plaintiff was injured in a collision between the vehicle in which he was riding and a truck owned by the State of California Department of Water Resources and driven by its employee Thomas Monteith. Plaintiff's attorney filed a claim in his client's behalf with the State of California Department of Water Resources 43 days after the accident; 58 days thereafter, plaintiff filed suit to recover damages for personal injuries sustained in the accident. In his complaint, plaintiff alleged, inter alia, that he had filed a claim in proper form with the State of California Department of Water Resources on March 3, 1971, in compliance with the provisions of the Government Code, and that the claim had been denied; a copy of the claim was annexed to the complaint.

In June 1971, the state filed an answer in which it generally denied the allegations contained in the complaint and set up contributory negligence and failure to state a cause of action as affirmative defenses.

In February 1972, the state filed a motion for judgment on the pleadings, requesting a dismissal of the action on the ground that the plaintiff's complaint failed to state a cause of action in that the claim should have been presented to the State Board of Control and that it appeared on the face of the complaint that the claim had been filed with the wrong governmental agency, to wit, the Department of Water Resources. The superior court dismissed the action.

The only issue on appeal is whether the plaintiff substantially complied with the claims statute in presenting the claim to the Department of Water Resources rather than the State Board of Control as required by section 915 of the Government Code.

Under the California Government Code,[1] a verified claim for damages must be filed where the cause of action is to recover damages for injuries for which the state is liable. (§ 905.2.) The claim shall contain: (a) the

---

[1]All statutory references are to the Government Code unless otherwise indicated.

claimant's name and address; (b) the post office address to which the claimant desires notice to be sent; (c) the date, place and circumstances of the occurrence or collision; (d) a general description of claimant's injuries and damages; (e) the name of the public employee causing the injury or damage; and (f) the amount claimed to be due. (§ 910.) A claim against the state relating to a cause of action for death or for injury to a person shall be filed on or before the 100th day after accrual of the cause of action (§ 911.2) and shall be presented to the State Board of Control. (§ 915.)

 Generally speaking, substantial compliance with a claim-filing statute is all that is required, and in determining whether there has been such compliance, the courts must determine if the purpose of the statute has been satisfied, if there has been a bona fide attempt to comply, and whether any prejudice to the governmental entity appears. (*Insolo* v. *Imperial Irr. Dist.*, 147 Cal.App.2d 172, 175 [305 P.2d 176].)

Most claim statute cases discussing the doctrine of substantial compliance relate to the integrity of the claim itself—the *form* of the claim —as distinguished from the method of its presentment—the *filing*. Only a relatively few California decisions involve the question of filing a proper claim with the wrong governmental department or agency. An analysis of these authorities follows:

The filing of a notice of claim with the *municipality* is not equivalent to filing notice of claim with the *board of education;* the city clerk was not a subordinate representative of the board of education for the purpose of receiving notice of claim against the school district. (*Jackson* v. *Board of Education*, 250 Cal.App.2d 856, 858-859 [58 Cal.Rptr. 763].)

Under a claims statute requiring service of a claim not only on the negligent state official but also on the Governor (formerly § 1981), the failure to serve the claim on the Governor was fatal to the cause of action. (*Redwood* v. *State of California*, 177 Cal.App.2d 501, 504 [2 Cal.Rptr. 174].)

Where a claims statute provided for service of a claim upon the secretary of an irrigation district and a duly verified complaint was sent by registered mail to the business manager of the district and the claim was turned over to the secretary of the district, there was substantial compliance with the statute. (*Insolo* v. *Imperial Irr. Dist., supra,* 147 Cal.App.2d 172, 174-175.)

Although a pedestrian injured by a fall on a sidewalk should have filed the original verified claim with the clerk of the municipal board of

supervisors instead of with the city controller, plaintiff's failure to do so did not defeat her right to recovery, where she filed a carbon copy with the clerk of the board of supervisors and notified the clerk that the original had been filed with the controller's office, and where both the original and copy reached the city attorney's office within the statutory time. (*Peters* v. *City & County of San Francisco,* 41 Cal.2d 419, 426-427 [260 P.2d 55].)

There is foreign authority to the effect that service upon a wrong official of a governmental entity constitutes substantial compliance.

In *Galbreath* v. *City of Indianapolis,* 253 Ind. 472 [255 N.E.2d 225, 229], letters to a legal department investigator and conversations with him and the city attorney were held to satisfy the notice requirements; the court based its determination on the basis that the city attorney had authority to accept notice as the mayor's agent and the city attorney would advise the mayor of the existence of the potential claim and the city would, therefore, be afforded the opportunity to investigate the merits of the claim.

In *Stone* v. *District of Columbia,* 237 F.2d 28 [99 App.D.C. 32], certiorari denied 352 U.S. 934 [1 L.Ed.2d 160, 77 S.Ct. 221], notice was delivered to the legal department rather than the designated statutory official; this procedure was held "equivalent to notice to the Commissioners for the purposes of" the statute. (237 F.2d at p. 30.)

■ The following conclusions may be drawn from the foregoing cases: (1) The doctrine of substantial compliance is not applicable to a claim which is addressed to the wrong *entity*. (*Jackson* v. *Board of Education, supra,* 250 Cal.App.2d 856, 860.) (2) Where a claim is filed with the proper *entity,* although with the wrong statutory official thereof, the doctrine of substantial compliance will save the claim if the claim was *actually received* by the statutory officer. (*Peters* v. *City & County of San Francisco, supra,* 41 Cal.2d 419, 426-427; *Insolo* v. *Imperial Irr. Dist., supra,* 147 Cal.App.2d 172, 174.) (3) But where there is a complete failure to serve any responsible officer of the entity, the doctrine does not apply. (*Redwood* v. *State of California, supra,* 177 Cal.App.2d 501.) (4) Service upon any responsible official of the entity, but not the statutory officer, is sufficient if the party served has the duty to notify the statutory agent. (*Galbreath* v. *City of Indianapolis, supra,* 255 N.E.2d 225, 229; *Stone* v. *District of Columbia, supra,* 237 F.2d 28, 29.)

Under section 915, subdivision (c) "[a] claim . . . shall be deemed to

have been presented in compliance with this section even though it is not delivered or mailed as provided in this section if it . . . is actually received at an office of the State Board of Control, within the time prescribed for presentation thereof." However, the burden of establishing actual receipt is on the claimant (see *Ruffino* v. *City of Los Angeles,* 226 Cal.App.2d 67 [37 Cal.Rptr. 765]); the burden is a difficult one; normally, the internal handling of the claim will be known only to the entity. (See Van Alstyne, Cal. Government Tort Liability (Cont.Ed.Bar 1964) p. 737.) This burden is particularly onerous in situations where the government moves for a judgment on the pleadings inasmuch as discovery has usually not been completed at the pleading stage.

■ In the final analysis, the purpose of the claims statutes should be considered in determining whether there has been substantial compliance therewith. These statutes were designed to protect government agencies from stale and fraudulent claims, provide an opportunity for timely investigation, and permit settlement of claims without the expense of needless litigation. (*Myers* v. *County of Orange,* 6 Cal.App.3d 626, 637 [86 Cal.Rptr. 198].) There is no need to endorse a policy which renders the statute a trap for the unwary when such purpose has been satisfied. (*Galbreath* v. *City of Indianapolis, supra,* 255 N.E.2d 225, 229.)

■ Applying the purpose criterion to the facts of the instant case, it appears that a claim, valid and proper on its face, was presented within the statutory time period to an officer or employee of the exact state agency which allegedly was responsible for the tort. The presentation was made in good faith for the purpose of apprising the state of the existence of the claim and to enable it to investigate the validity thereof. Under such circumstances, it was incumbent upon the officer or employee served to forward the claim immediately to the State Board of Control and we hold that the party served had a duty to do so. Certainly, any responsible officer or employee of a major state agency knows, or should know, that if a substantial claim for damages is presented that it should be forwarded to the Board of Control. In the event the officer or employee actually receiving the claim does not know the proper agency, then a simply inquiry to the Attorney General's office would result in advice as to the proper agency. Here the State Board of Control may or may not have received the claim. The record is silent with respect to actual receipt thereof. However, regardless of whether the same was received by the board, it should have been. Inasmuch as the claim was in proper

form and was timely filed with the agency causing the wrong, plaintiff substantially complied with section 915 of the Government Code.

The judgment of dismissal is reversed.

Gardner, P. J., and Kaufman, J., concurred.

A petition for a rehearing was denied May 3, 1973, and respondent's petition for a hearing by the Supreme Court was denied June 7, 1973. McComb, J., Burke, J., and Clark, J., were of the opinion that the petition should be granted.