[Civ. No. 15743. Fourth Dist., Div. Two. Mar. 14, 1977.]

JOHN A. ELIAS, Plaintiff and Appellant, v.
SAN BERNARDINO COUNTY FLOOD CONTROL DISTRICT,
Defendant and Respondent.

**COUNSEL**

Levy, Koszdin & Woods, Levy, Koszdin, Goldschmid & Sroloff, Ernest Sroloff and Thomas Wianecki for Plaintiff and Appellant.

Bruggeman & Smith and Dean F. Woolsey for Defendant and Respondent.

**OPINION**

**TAMURA, Acting P. J.**—Plaintiff appeals from a judgment dismissing his personal injury action against defendant San Bernardino County Flood Control District (District) on the ground he failed to comply with the claim filing requirement of the Tort Claims Act (Gov. Code, § 900 et seq., hereafter claims act).

Plaintiff was injured on April 2, 1973, when his truck overturned on a dirt road leading to a county dump. Within the statutory period, he lodged a claim with the Board of Supervisors of San Bernardino County. The claim was addressed to the county and stated it was for injuries sustained by the claimant on a certain access road to a county dump when his vehicle overturned "as a result of the road crumbling away."[1] On the advice of county counsel, the board of supervisors denied the claim. In August 1973 plaintiff filed a complaint for damages against the

---

[1]The text of the claim was as follows:

"TO: THE COUNTY OF SAN BERNARDINO:
"(a) Name and address of Claimant:
"JOHN A. ELIAS
"1415 South Mountain View
"Pomona, California 91766
"(b) Please Address all Notices to:
"THOMAS S. MULLIGAN, ESQ.
"LEVY, VAN BOURG & HACKLER
"A Professional Corporation
"3550 Wilshire Boulevard, Suite 1020
"Los Angeles, California 90010
"(c) This claim arises out of an incident which occurred on or about April 2, 1973, on an access road to the San Bernardino County Dump, located off Haven Street, between Foothill Boulevard and Church Street, City of Cucamonga, County of San Bernardino, State of California, when Claimant was injured as a result of a motor vehicle accident, which occurred as a result of the road crumbling away, causing Claimant's vehicle to roll over. The accident was proximately caused by the negligence of the County of San Bernardino in failing to maintain and repair said roadway, and in failing to provide a safe place for persons using said roadway, including Claimant herein.
"(d) The extent of Claimant's injuries to his person are unknown at this time as no statement or medical report has yet been received.
"(e) The amount of this claim is indefinite, but is in excess of $100,000.00.
"This Claim is submitted on behalf of the Claimant by his attorneys, LEVY, VAN BOURG & HACKLER."

county and Doe defendants alleging, inter alia, that a claim in proper form had been filed with and denied by the county.

The county promptly filed its answer setting up numerous affirmative defenses none of which disavowed jurisdiction over the road involved in the accident. However, over a year later (January 1975) the county moved for summary judgment supported by proof that the road described in plaintiff's claim was over property owned and controlled by the District and not the county. The court granted the motion "only as to the cause of action based on the ownership of the real property in question." Plaintiff thereupon served the District as a Doe defendant. The District responded with a demurrer on the ground plaintiff had failed to allege compliance with the claims act by filing a timely claim with the District. The demurrer was overruled on the theory that plaintiff had substantially complied with the statute. The District filed its answer and then renewed the same contention in a motion for judgment on the pleadings or in the alternative for summary judgment. The matter was heard before a different judge and the motion was granted. Plaintiff appeals from the ensuing judgment.[2]

The sole issue is whether the claim addressed to the county and presented to the board of supervisors satisfied the requirements of the claims act insofar as the District is concerned. We hold that there has been substantial compliance with the claim filing requirement of the claims act and that the judgment in favor of the District must be reversed.

The District whose boundaries are coterminous with the county was created by the San Bernardino County Flood Control Act. (Stats. 1939, ch. 73, p. 1011, West's Wat. Code, Appen. (1968 ed.) § 43-28 [Deering's Wat.—Uncod. Acts (1970 ed.) Act 6850, § 28].) As amended in 1963, the flood control act makes the claim provisions of the claims act applicable to the District. (Stats. 1969, ch. 31, p. 137, West's Wat. Code, Appen. (1968 ed.) § 43-8 [Deering's Wat.—Uncod. Acts (1970 ed.) Act 6850, § 8].) Government Code section 945.4[3] provides that before a suit for

---

[2]The county is not a party to this appeal.

[3]Government Code section 945.4 provides: "Except as provided in Sections 946.4 and 946.6, no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of Part 3 of this division until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board, in accordance with Chapters 1 and 2 of Part 3 of this division."

damages may be prosecuted against a public entity,[4] a written claim must be presented to the entity.[5] (*Williams* v. *Horvath,* 16 Cal.3d 834, 838 [129 Cal.Rptr. 453, 548 P.2d 1125].) The District does not challenge compliance with the statutory requirements either as to substantive content of the claim (Gov. Code, § 910) or the manner in which it was presented (Gov. Code, § 915).[6] Its only contention is that the claims act was not satisfied as to the District because it was addressed to the county. We reject the contention.

■ The primary function of the claims act is to apprise the governmental body of imminent legal action so that it may investigate and evaluate the claim and where appropriate, avoid litigation by settling meritorious claims. (*City of San Jose* v. *Superior Court,* 12 Cal.3d 447, 455 [115 Cal.Rptr. 797, 525 P.2d 701]; *Lacy* v. *City of Monrovia,* 44 Cal.App.3d 152, 155 [118 Cal.Rptr. 277]; *People* ex rel. *Dept. of Parks and Recreation* v. *West-A-Rama, Inc.,* 35 Cal.App.3d 786, 793-794 [111 Cal.Rptr. 197]; *Jamison* v. *State of California,* 31 Cal.App.3d 513, 518 [107 Cal.Rptr. 496].) The act should not be applied to snare the unwary where its purpose has been satisfied (*Cory* v. *City of Huntington Beach,* 43 Cal.App.3d 131, 136 [117 Cal.Rptr. 475, 173 A.L.R.3d 1012]; *Jamison* v. *State of California, supra*; 2 Witkin, Cal. Procedure (2d ed. 1970) § 161, pp. 1023-1027); consequently courts employ a test of substantial rather than strict compliance in evaluating whether a plaintiff has met the demands of the claims act. (*City of San Jose* v. *Superior Court, supra,* 12 Cal.3d 447, 456-457; *Jamison* v. *State of California, supra.*) If the claim satisfies the purpose of the act without prejudice to the government, substantial compliance will be found. (*Jamison* v. *State of California, supra*; *Myers* v. *County of Orange,* 6 Cal.App.3d 626, 637 [86 Cal.Rptr.

[4]A "public entity" includes a "district." (Gov. Code, § 940.4.)

[5]A "Roster of Public Agencies" is maintained by the Secretary of State and the county clerk of each county to permit the identification of the various public agencies against whom a claim must be filed before suit may be brought. (Gov. Code, § 53051; *Tubbs* v. *Southern Cal. Rapid Transit Dist.,* 67 Cal.2d 671, 675-676 [63 Cal.Rptr. 377, 433 P.2d 169].) The District appears on the roster.

[6]Government Code section 915 provides in pertinent part:

"(a) A claim, any amendment thereto, or an application to the public entity for leave to present a late claim shall be presented to a local public entity by:

"(1) Delivering it to the clerk, secretary or auditor thereof; or

"(2) Mailing it to such clerk, secretary or auditor or to the governing body at its principal office.

"	.	.	.	.	.	.	.	.	.	.	.	.	.	.

"(c) A claim, amendment or application shall be deemed to have been presented in compliance with this section even though it is not delivered or mailed as provided in this section if it is actually received by the clerk, secretary, auditor or board of the local public entity . . . within the time prescribed for presentation thereof."

198].) ■ We hold that plaintiff has substantially, if not actually, met the requirements of the claims act insofar as the District is concerned.

It is true that the District is a legal entity separate and apart from the county. However, the county board of supervisors and all county officers are ex officio the board of supervisors and officers of the District and as such are empowered to perform the same duties for the District as they perform for the county. (Stats. 1939, ch. 73, p. 1011, West's Wat. Code, Appen. (1968 ed.) § 43-3 [Deering's Wat.-Uncod. Acts (1970 ed.) Act 6850, § 3].) One of the duties of the board of supervisors is to review and act upon all claims whether they be addressed to the county or to the District. Plaintiff's claim apprised the board of supervisors that he was in substance seeking damages for injuries he sustained by reason of the alleged dangerous and defective condition of certain described public property. Inasmuch as the property was in fact owned by the District, the claim, though addressed to the county, was sufficient to alert the board of supervisors that a claim was being asserted against the governmental entity that owned and controlled the property whether it be the county or the District. Consequently the claim may be deemed to have been presented to the board of supervisors as the governing body of the District. To have required plaintiff to file another claim addressed to the District would in no way have advanced the purposes of the claims act; it would not have given the District any more information than the board of supervisors already possessed. The doctrine of substantial compliance requires no more than that the governmental entity be apprised of the claim, have an opportunity to investigate and settle it and incur no prejudice as a result of plaintiff's failure to strictly comply with the claims act. (*Jamison* v. *State of California, supra,* 31 Cal.App.3d 513, 518.) These conditions have been met here.

The instant case is analogous to *Scruggs* v. *Haynes,* 252 Cal.App.2d 256 [60 Cal.Rptr. 355]. There plaintiff filed a claim with the city for injuries sustained as a result of an assault and battery by city police officers. The city argued that plaintiff failed to comply with former Government Code sections 710-717[7] insofar as the city was concerned because the claim was only addressed to the named officers and stated: " 'You will hereby take notice that [claimant] hereby makes claim *against you, and each of you,* for injuries . . . .' " (Original italics; at

---

[7]Former Government Code section 710 provided: "No suit for money or damages may be brought against a local public entity on a cause of action for which this chapter requires a claim to be presented until a written claim therefor has been presented to the entity in conformity with the provisions of this article."

p. 268, fn. 5.) The reviewing court summarily dismissed the contention stating: "Irrespective of its captions and content directed to [the officers], respondent's claim contained all the information required. . . . We hold that the claim complied with the applicable statutes in all respects." (252 Cal.App.2d at pp. 268-269.)

The District relies primarily upon *Vanoni* v. *County of Sonoma,* 40 Cal.App.3d 743 [115 Cal.Rptr. 485]. We fail to perceive its relevance. We are not dealing with a question whether a constitutional provision limiting the power of a county to incur an indebtedness applied with like force to another entity governed by the same board of supervisors, nor are we addressing whether the county has circumvented a constitutional limitation on indebtedness by causing a separate entity under the control of the board of supervisors to incur a debt. The case at bench does not involve the validity of an exercise of governmental power. The only question is whether a claim setting forth all the information required by Government Code section 910 and presented to the board of supervisors satisfied the claims statute as to the District.

The District also contends that a determination of substantial compliance in the case at bench is precluded by our decision in *Jamison* v. *State of California, supra,* 31 Cal.App.3d 513. Specifically, the District directs our attention to the following statement in *Jamison* at page 517: "The doctrine of substantial compliance is not applicable to a claim which is addressed to the wrong *entity.* (*Jackson* v. *Board of Education, supra,* 250 Cal.App.2d 856, 860 [58 Cal.Rptr. 763].)" (Original italics.) The District argues that since plaintiff's claim was addressed to the "wrong entity," the doctrine of substantial compliance is inapposite. We reject the argument.

In the first place, the quoted statement in *Jamison* was dictum. The issue there was whether a claim presented to the State Department of Water Resources for injuries sustained in a vehicular accident involving an employee of the department constituted substantial compliance with the statutory requirement that claims against the state be filed with the State Board of Control. We held that it was the duty of the officer to whom the claim was presented to forward it to the State Board of Control and that plaintiff had, therefore, substantially complied with the statute.

In the second place, the "wrong entity" rule does not inexorably lead to the result offered by the District. The statement quoted from *Jamison*

was based on *Jackson* v. *Board of Education, supra,* 250 Cal.App.2d 856, which dealt with the question whether a claim filed with the City of Los Angeles for damages arising from the death of plaintiff's son by drowning while on a student beach party complied substantially with the claims act so as to enable plaintiff to sue the Los Angeles City Board of Education. In ruling against the plaintiff, the court observed that by statute the school district and not the city would be liable for any judgment arising out of a claim against the school and further that a claim filed with the city clerk was not one filed with a subordinate officer of the board of education. (250 Cal.App.2d at pp. 858-859.)

Here, on the other hand, the claim was actually filed with officials who bear responsibility for evaluating claims against the District as well as the county. *Jackson* does not perforce bar plaintiff's action.[8]

Judgment is reversed.

McDaniel, J., and Morris, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied May 12, 1977.

---

[8]Professor Van Alstyne makes the following pertinent observation concerning *Jackson* v. *Board of Education, supra,* 250 Cal.App.2d 856: "There is no indication in the opinion whether the board [of education] actually received a copy of the claim within the 100-day presentation period. Had this been the case, the issue of substantial compliance would have been more sharply posed, because Govt C 915(c) appears to make actual receipt by the appropriate recipient within the alloted time the equivalent of full compliance with the presentation method set out in that section, and makes no distinction for claims presented to a separate public entity." (Van Alstyne, Cal. Government Tort Liability (Cont.Ed.Bar Supp. 1969) § 8.15, pp. 96-97.)