[No. D010440. Fourth Dist., Div. One. Jan. 3, 1990.]

MICHAEL KRAINOCK, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
POWAY UNIFIED SCHOOL DISTRICT, Real Party in Interest.

COUNSEL

Brobeck, Phleger & Harrison, Stephen P. Swinton and Joseph J. Barr, Jr., for Petitioner.

No appearance for Respondent.

Stutz, Gallagher & Artiano, Larry N. Murnane, James F. Holtz, Jeffery A. Morris, Sidney A. Stutz and Lindsay R. Brack for Real Party in Interest.

OPINION

**HUFFMAN, J.**—This petition for writ of mandate presents the issue of whether compliance with governmental claims statutes is required before a

defendant may file a defensive cross-complaint for indemnity against a public entity which has already filed a cross-complaint against him. Petitioner Michael Krainock was named as a defendant in a personal injury complaint filed November 25, 1987, by Matthew Fiorello. Another named defendant, Poway Unified School District (Poway), filed along with its answer to Fiorello's complaint a cross-complaint for indemnity, apportionment, and declaratory relief, naming Krainock as the sole cross-defendant.

In response to Poway's pleading, Krainock filed his own cross-complaint for the same relief against the school district, although he was unable to allege he had complied with governmental claims requirements for the pursuit of these theories. Poway successfully moved in the trial court for judgment on the pleadings on the basis of Krainock's noncompliance with claims requirements. In an unpublished majority opinion (Froehlich, J., dis.) filed July 27, 1989, we denied Krainock's petition for writ of mandate challenging the trial court's ruling. However, Krainock successfully sought review of our decision from the Supreme Court, and the matter was ordered transferred to this court with directions to issue an alternative writ and order to show cause why the requested relief should not be granted. We have received supplemental briefs and heard oral argument. Upon further consideration of these policy issues, we have decided to grant the writ of mandate.

## FACTUAL AND PROCEDURAL BACKGROUND

The essential allegations of Fiorello's complaint arise from a single incident which occurred on February 6, 1987, at Mount Carmel High School within the Poway school district. Claiming that Krainock struck him during a fracas at a school athletic event, Fiorello alleged theories of negligence, negligent infliction of emotional distress, assault and battery, and intentional infliction of emotional distress against Krainock.[1] As against Poway, Fiorello alleged one cause of action for premises liability, on the basis that Poway failed to properly maintain and supervise school premises. Fiorello's claim against Poway, filed on May 15, 1987, was rejected. (Gov. Code, § 900 et seq.)[2]

Krainock timely answered Fiorello's complaint. On February 5, 1988, Poway filed its answer to the complaint, along with its cross-complaint against Krainock for various theories of indemnity and declaratory relief. In

---

[1] Krainock's version of the events, as set forth in his opposition to Poway's motion for judgment on the pleadings, is that a scuffle took place between the two competing teams and that he came out of the audience to defend his younger brother, a member of the home team, and struck Fiorello, a visitor, in self-defense.

[2] All statutory references are to the Government Code unless otherwise specified.

March 1988 Krainock responded in a timely manner with his answer to the cross-complaint and his own cross-complaint against Poway for the same theories of relief. However, Krainock did not file a claim with Poway before filing the cross-complaint.

Poway's motion in the trial court for judgment on the pleadings, based on Krainock's failure to file a claim as required by section 905 et seq., was granted and Krainock's cross-complaint was dismissed. These writ and review proceedings ensued, as set forth above.

### DISCUSSION

As a threshhold matter, we note this court recently issued a nonpublished opinion in a separate writ proceeding arising in this action. (*Poway Unified School District* v. *Superior Court* (Dec. 19, 1989) D011083.) In that decision, we granted Poway's petition for writ of mandate challenging the trial court's denial of its motion for good faith settlement approval. That opinion will not become final until January 18, 1990. (Cal. Rules of Court, rule 24(a).) Assuming our decision in that matter stands, Poway's good faith settlement may well provide it with protection from the prosecution of any cross-complaints for certain theories of indemnity or contribution, such as Krainock alleges in the pleading before us. (Code Civ. Proc., § 877.6, subd. (c).)

Despite the above developments in the matter, we do not find the issues presented by this appeal have become moot. ■ "[A]ppellate courts have on numerous occasions exercised their discretion to consider questions technically moot as to the parties where the issues are nonetheless of continuing public importance. [Citations.]" (*Hardie* v. *Eu* (1976) 18 Cal.3d 371, 379 [134 Cal.Rptr. 201, 556 P.2d 301].) This issue meets this criterion and we proceed to determine it.

■ Applying governmental claims requirements to the procedural posture of this case is somewhat difficult because Poway is acting in both defensive and offensive capacities in the action, as defendant and cross-complainant. It will be recalled that Fiorello, the plaintiff, sued both Krainock and Poway. Along with its answer to the complaint, Poway cross-complained against Krainock for indemnity allegedly arising out of the same incident. Krainock thus seeks to defend both the complaint and the cross-complaint on the same set of facts. He contends he should not be held to the normal statutory claims requirements as prerequisites to filing his cross-complaint against Poway, since his cross-complaint is solely a defensive pleading seeking indemnity for any liability he may be found to have to Fiorello, which he claims will be traceable to fault on Poway's part. He thus

contends his cross-complaint will require no new investigation of the facts beyond that which Poway already performed in preparing its pleadings.

In order to resolve the question of whether a defensive cross-complaint in this unusual fact situation requires compliance with claims requirements, we must first look to the purposes of the claim statutes. (§ 900 et seq.) ■ The primary purpose of the governmental claims act is to apprise the governmental body of an imminent legal action so that the entity may investigate and evaluate the claim and, where appropriate, avoid litigation by settling meritorious claims. Thus, the act should not be allowed to become a snare for the unwary litigant if its statutory purposes have been satisfied. (*Elias* v. *San Bernardino County Flood Control Dist.* (1977) 68 Cal.App.3d 70, 74 [135 Cal.Rptr. 621]; see also *City of San Jose* v. *Superior Court* (1974) 12 Cal.3d 447, 455-456 [115 Cal.Rptr. 797, 525 P.2d 701, 76 A.L.R.3d 1223].)

In *Jamison* v. *State of California* (1973) 31 Cal.App.3d 513, 516-518 [107 Cal.Rptr. 496], the Court of Appeal discussed the doctrine of substantial compliance under the claims statutes, holding no more is required under the statutory scheme than that the governmental entity be apprised of the claim and have an opportunity to investigate and potentially to settle the matter. Public policy permits substantial compliance with claims requirements if no prejudice to the governmental entity appears. (*Ibid.*)

The Court of Appeal in *People* ex rel. *Dept. of Parks and Recreation* v. *West-A-Rama, Inc.* (1973) 35 Cal.App.3d 786, 794-795 [111 Cal.Rptr. 197] dealt with the applicability of claims requirements to a cross-complaint filed by a defendant who had been named in a contract action brought by the State of California. The state sought to defend against the cross-complaint by urging the pleading was barred because of the defendant/cross-complainant's failure to file a claim prior to filing its cross-complaint. The court rejected this argument, finding it would lead to manifest injustice, particularly in the contractual context.[3] The court pointed out the entity had presumably made a full investigation before the filing of its own action and was aware of its own potential role and liabilities. Thus, the court found no purpose would be served by enforcing the prerequisite of a claim where the defendant sought only to file a defensive cross-complaint.

In his text on government tort practice, Professor Van Alstyne analyzes the *West-A-Rama* decision (*supra*, 35 Cal.App.3d 786) and discusses the applicability of its principles to tort actions. (Van Alstyne, Cal. Govern-

---

[3] The court in *West-A-Rama* (*supra*, 35 Cal.App.3d 786) did not apply its reasoning to tort actions such as this case. See discussion *infra* of the validity of this distinction.

ment Tort Liability Practice (Cont.Ed.Bar 1980) § 5.18, pp. 449-451.) He disagrees with the court's apparent limitation of the principles it stated in *West-A-Rama* to actions based on contract, and forcefully presents the view that the same manifest injustice found in a contractual setting could arise in a tort action as well. His reasoning is that where a cross-complaint is defensive and is filed in response to an initiation of action by a public entity, it would be unjust to impose a claims requirement. He cites approvingly *West-A-Rama*'s conclusion that the purpose of the claims statutes arguably has already been fulfilled when a public entity elects to proceed against a citizen. He points out that a contrary rule could lead to unnecessary claims and litigation against public entities, filed purely as precautions against anticipated future actions by those entities.

 Based on these considerations, Van Alstyne proposes three rules for determining the applicability of claims requirements to defensive cross-complaints. Because these rules are well founded in accepted public policies, we adopt them here. First, Van Alstyne's framework provides that the situations in which claims requirements would not apply should be limited to those cases initiated by the public entity, as opposed to those initiated by a third party in which a defendant seeks to cross-complain against a public entity not previously a party to the action. Our facts, although not squarely fitting this rule, are analogous. It was Fiorello who initiated this action; however, the decision to involve Krainock in the cross-action with a public entity was made by that entity (Poway), and Krainock's actions were at all times responsive to his codefendant's initiative. The first of Van Alstyne's criteria is clearly met here.

The second rule set forth in the text is that the defensive pleading, to be exempt from claims requirements, must arise out of the same transaction or event forming the basis of the plaintiff's claim and may not introduce an unrelated claim. That rule is clearly applicable to the pleadings in this case, all of which arise out of the same brawl.

Finally, Van Alstyne suggests a third criterion for exemption from claims requirements: the cross-complaint may assert only defensive matter. That is, a cross-complaint may be filed without a governmental claim as a prerequisite if it is limited to claims " . . . which, if successful, would destroy or diminish the plaintiff's recovery, but not to claims for affirmative relief." (Van Alstyne, *op. cit. supra*, at p. 451.) Krainock's pleading complies with this limitation.

Upon our further review of the issue presented and the applicable authority, we are satisfied it would be unjust to hold Krainock to the requirement of filing a claim as a prerequisite to the filing of his cross-complaint, since

the issue of his liability relative to that of the public entity was first raised by the public entity itself in its own cross-action. Because Poway had the opportunity to investigate the relevant facts of the incident giving rise to all these claims before Krainock ever filed his cross-complaint, all applicable policies established in the governmental claims statutes have been adequately protected in this procedural context.[4] We therefore conclude the trial court erred in granting Poway's motion for judgment on the pleadings.

## DISPOSITION

Let a peremptory writ issue directing the superior court to vacate its previous order granting judgment on the pleadings and to enter a new and different order denying the motion for judgment on the pleadings.

Kremer, P. J., and Froehlich, J., concurred.

---

[4] The policy considerations discussed in *Greyhound Lines, Inc.* v. *County of Santa Clara* (1986) 187 Cal.App.3d 480, 484-488 [231 Cal.Rptr. 702], favoring a strict construction of section 901's definition of the time period for the accruing of a cause of action for indemnity, need not concern us here because Krainock's cross-complaint was timely filed within months of his service with Fiorello's complaint. (See Van Alstyne, Cal. Government Tort Liability Practice (Cont.Ed.Bar Supp. 1988) § 5.18, pp. 121-122.) The issue presented by this petition was restricted to whether a governmental claim had to precede the filing of that cross-complaint.