Filed 5/24/21  Vasquez v. City of Pasadena CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| RITO VASQUEZ,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>CITY OF PASADENA,<br><br>    Defendant and Respondent. | B309082<br><br>(Los Angeles County<br>Super. Ct. No. 20STCV09493) |

APPEAL from an order of the Superior Court of Los Angeles County, Randolph M. Hammock, Judge.  Affirmed.

Irving Meyer for Plaintiff and Appellant.

Michele Beal Bagneris, City Attorney, and Arnold F. Lee, Deputy City Attorney, for Defendant and Respondent.

_____

Rito Vasquez (Vasquez) attempted to sue his former employer, the City of Pasadena (the City), for wrongful termination. After missing the initial deadline to file a claim with the City, Vasquez filed a petition with the trial court for leave to bring a lawsuit against the City. The trial court denied his petition for failure to comply with the California Tort Claims Act, concluding it lacked jurisdiction to relieve Vasquez from the claim filing requirement. For the same reason, we affirm the trial court's order.

## FACTUAL AND PROCEDURAL BACKGROUND

Vasquez worked at the City as a maintenance worker for approximately eight and one-half years. On August 8, 2019, the City terminated Vasquez's employment.

Nearly eight months later, on April 6, 2020, Vasquez filed a claim with the City alleging wrongful termination. On May 7, 2020, the City denied Vasquez's claim because it had not been submitted within six months of his termination, as required by the Tort Claims Act. (Gov. Code, §§ 901, 911.2.)[1] The City informed Vasquez that his "only recourse at this time is to apply without delay to [the City] for leave to present a late claim [per] sections 911.4 to 912.2, inclusive, and section 946.6."

Vasquez did not submit a late claim application to the City. Instead, he filed a petition with the trial court, requesting leave to bring a lawsuit without first obtaining an administrative resolution of his claim.

The trial court denied the petition, finding that Vasquez had not complied with the procedural requirements set forth in

[1] Subsequent undesignated citations are to the Government Code.

the Tort Claims Act. The trial court determined that Vasquez's failure to submit a late claim application with the City, as required by section 946.6, subdivision (b), fatally undermined his petition.

Vasquez timely appealed.

## DISCUSSION

### A.    Applicable Law and Standard of Review

The Tort Claims Act "establishes certain conditions precedent to the filing of a lawsuit against a public entity." (*State of California v. Superior Court* (2004) 32 Cal.4th 1234, 1237.) These include the requirement that a plaintiff must file any claim relating to a personal injury or damage to personal property with the public entity no later than six months after the cause of action accrues. (§ 911.2, subd. (a).) Failing to do so will usually bar the plaintiff from bringing suit against that entity. (§ 945.4.)

However, if the injured party fails to file a claim within the initial six-month time period, he may submit an application to the public entity for leave to present his claim. (§ 911.4, subd. (a).) "If the public entity denies the application, . . . section 946.6 authorizes the injured party to petition the court for relief from the claim requirements." (*Munoz v. State of California* (1995) 33 Cal.App.4th 1767, 1777, fn. omitted.)

"The determination of the trial court in granting or denying a petition for relief under . . . section 946.6 will not be disturbed on appeal except for an abuse of discretion." (*J.J. v. County of San Diego* (2014) 223 Cal.App.4th 1214, 1220-1221.)

3

**B. The Trial Court Properly Denied Vasquez's Section 946.6 Petition**

On appeal, Vasquez admits that he did not submit a late claim application to the City. Nonetheless, he argues that he was entitled to file a section 946.6 petition with the trial court, and that his petition should have been granted.

We do not agree. To succeed on a section 946.6 petition, the petitioner must show that he submitted a late claim application to the public entity pursuant to section 911.4, and that the application was either denied or should be deemed denied. (§ 946.6, subd. (b)(1).) To grant a section 946.6 petition, the trial court must find, among other things, that the petitioner "appli[ed] to the board under [s]ection 911.4 . . . within a reasonable time" (§ 946.6, subd. (c)), "not to exceed one year after the accrual of the cause of action." (§ 911.4, subd. (b).) " '[F]iling a late-claim application within one year after the accrual of a cause of action is a jurisdictional prerequisite to a claim-relief petition. . . .' [Citations.]" (*J.J. v. County of San Diego*, *supra*, 223 Cal.App.4th at p. 1221; *Munoz v. State of California*, *supra*, 33 Cal.App.4th at p. 1779.) Because Vasquez never submitted a late claim application to the City, the trial court correctly denied his section 946.6 petition.

Vasquez raises five arguments contesting this conclusion. First, he insists that the Tort Claims Act allows claimants to choose between submitting a late claim application to a public entity or filing a section 946.6 petition directly with the court. His interpretation relies on the wording of section 911.4, which states that "a written application *may* be made to the public entity for leave to present [a late] claim." (*Id.*, subd. (a), italics added.) This permissive language does allow claimants to choose

4

whether to submit a late claim application.  However, section 946.6 makes it clear that choosing not to submit the application has consequences.  Without submitting a late claim application, a claimant cannot successfully petition to bring a lawsuit against a public entity.  (§ 946.6, subd. (b)(1) [petitioners "shall show" "[t]hat application was made to the board under [§] 911.4"].)  As we have explained, the filing of a late claim application is a jurisdictional prerequisite.

Second, Vasquez contends that his failure to file a late claim application should be excused by the doctrine of substantial compliance.  Vasquez repeatedly argues that he substantially complied with section 946.6 by filing a late claim with the City in April of 2020, effectively giving the City all the information it would need to evaluate his claim and negotiate a possible settlement.  This argument is meritless.  " ' "[I]t is well-settled that claims statutes must be satisfied even in face of the public entity's actual knowledge of the circumstances surrounding the claim.  Such knowledge—standing alone—constitutes neither substantial compliance nor basis for estoppel." [Citation.]' [Citation.]" (*J.J. v. County of San Diego, supra*, 223 Cal.App.4th at p. 1220, quoting *City of San Jose v. Superior Court* (1974) 12 Cal.3d 447, 455.)

Third, Vasquez suggests that he complied with section 946.6, because the City's initial rejection of his claim as untimely should be deemed a denial of any late claim application Vasquez could have filed.  This conflates Vasquez's late claim *presentation*, which he filed on April 6, 2020, with the late claim *application* required by section 946.6, which he never submitted.  The City's rejection of Vasquez's late claim presentation as untimely does not indicate how the City would have responded to a properly

submitted late claim application. On this record, we cannot agree with Vasquez's assertions that applying to the City would have been a fruitless exercise.

Fourth, Vasquez argues that the City cannot demonstrate that it would be prejudiced by Vasquez's petition. This argument is premature. Under section 946.6, the question of prejudice to a public entity is not reached until *after* the petitioner meets his burden to show that a late claim application was submitted and denied (or deemed denied), and that his late claim should be excused for a statutorily enumerated reason, such as inadvertence or excusable neglect. (§ 946.6, subd. (c)(1)-(3).) Because Vasquez cannot satisfy the first part of his burden, it is irrelevant whether the City demonstrated prejudice.

Lastly, Vasquez argues that, in the interest of fairness, we should bend the Tort Claim Act's procedural rules to reach the merits of his claim. He cites case law holding that the act "should not be applied to snare the unwary where its purpose has been satisfied," and maintains that we should fulfil the spirit of the law by excusing Vasquez's technical noncompliance. (*Elias v. San Bernardino County Flood Control Dist.* (1977) 68 Cal.App.3d 70, 74.) But Vasquez is not an unwary party felled by an arcane quirk of procedure. When his late claim was first rejected by the City, the City expressly notified Vasquez of the need to submit a late claim application as soon as possible in order to preserve his claim. Under these circumstances, Vasquez's failure to even attempt compliance with section 946.6 cannot be excused.

6

## DISPOSITION

The order is affirmed.  The parties shall each bear their own costs on appeal.

NOT TO BE PUBLISHED


FEDERMAN, J.*


We concur:



ROTHSCHILD, P. J.



CHANEY, J.


---

* Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.