[Civ. No. 11229. Fourth Dist.. Div. One. Dec. 11, 1972.]

CRISTOBAL CORTEZ GONZALES, JR., a Minor, etc., et al., Plaintiffs and Appellants, v. THE STATE OF CALIFORNIA, Defendant and Respondent.

## COUNSEL

Dickenson, Sattinger & Dotson and David R. Dotson for Plaintiffs and Appellants.

Evelle J. Younger, Attorney General, and Jeffrey T. Miller, Deputy Attorney General, for Defendant and Respondent.

## OPINION

**COUGHLIN, J.**\*—Plaintiff, a minor, appeals from a judgment dismissing his action against the defendant, State of California, premised on an order granting defendant's motion for summary judgment.

The action was initiated by a complaint alleging plaintiff was injured when struck by a school bus; named the bus driver, Grace Erickson, Calipatria Unified School District, the County of Imperial, the State of California and 10 Does, as defendants; contained separately stated causes of action against the different named defendants; in two causes of action named Grace Erickson, the 10 Does and the State of California as defendants; in one of these causes of action alleged, in substance, Grace Erickson and the 10 Does were employees of the State of California, each of these defendants negligently failed to properly supervise or provide proper supervision of school children entering upon or disembarking from school buses owned and operated by the school district, which defendants used to transport school students to and from the Niland Elementary School, as a result of which plaintiff was injured; and the other cause of action alleged Grace Erickson and the 10 Does were driving the school bus owned or controlled by the State of California, and all of them negligently maintained, controlled and operated the bus as to cause it to collide with plaintiff causing him to be injured.

---

\*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

The state answered; denied the foregoing allegations; and moved for summary judgment. The state supported its motion by a declaration of the superintendent of the school district stating: Grace Erickson, at the times mentioned in the complaint and for the previous 19 years, was employed by the district as a bus driver; she was not employed by the state and did not drive or operate a bus owned or controlled by the state, at any time; the district, at all times mentioned in the complaint, provided and operated the transportation program for students within the district, and the state did not have control or supervision of such transportation; and at all of these times the school buses used to transport students within the district were owned, operated and controlled by the district and were not owned, operated or controlled by the state. Plaintiff did not file any counter-declaration or affidavit.

Initially we observe the allegations in the complaint respecting the fictitiously named defendants, i.e., Does I through X, raised no real issue in the case which required consideration in determining the motion.

■■■ Plaintiff contends the court erred in granting the motion for summary judgment. His arguments in support of this contention are premised on theories of law differing from those upon which his complaint is based, except as hereinafter noted. We must assume he alleged the ultimate facts essential to his causes of action.

In one cause of action plaintiff predicates liability of the state on the alleged fact, among others, Grace Erickson, the bus driver, was an employee of the state, presumably relying upon the provisions of Government Code section 815.2 imposing liability upon a public entity for injuries caused by an action or omission of its employee. However, the uncontradicted declaration in support of the motion establishes Grace Erickson was an employee of the school district and not of the state. In the same cause of action plaintiff alleges the state "had or assumed the duty of transporting or supervising the transportation of school students" within the school district and negligently failed to "supervise or provide proper supervision" over those students entering upon or disembarking from the school buses, as a proximate result of which he was injured. Whether the state had the duty of transporting or supervising the transportation of students as alleged is an issue of law and not of fact. Plaintiff's contentions in this regard are considered hereinafter. On the other hand, the uncontradicted declaration in support of the motion establishes the district provided and operated the transportation program for its students and the State did not assume the duty of transporting or supervising such transportation.

In the other cause of action plaintiff predicates liability of the state on the alleged fact it "owned or controlled," and "negligently maintained, controlled or operated" the bus driven by Grace Erickson. The uncontradicted declaration in support of the motion establishes the school district owned, operated and controlled all buses used to transport its students and the state did not own, operate or control any of the buses at any time.

Plaintiff's causes of action against the state predicated on allegations the state employed Grace Erickson, assumed the duty of transporting or supervising the transportation of the students, or owned, controlled, maintained and operated the school buses, in light of the uncontradicted declaration in support of the motion for summary judgment, did not raise any triable issues of fact, unless plaintiff's contentions, hereinafter considered, are meritorious.

On appeal plaintiff contends, in substance, the state is liable for the injuries he sustained because (1) a bus driver employed by a school district is an employee of the state which, by virtue of Government Code section 815.2, is liable for injuries caused by the negligence of its employees; (2) the state had the duty to properly supervise the school children entering upon or disembarking from the school buses at the Niland Elementary School which it negligently failed to do, causing plaintiff's injuries; and (3) the transporting of students by a school district, in effect, is performance of an agreement between it and the state to furnish such and, by virtue of section 895.2, the state is jointly and severally liable with the school district upon the liability of the latter, imposed by Government Code section 815.2, for injuries caused by the negligence of the district's employee, i.e., the bus driver.

The contention a bus driver employed by a school district is an employee of the state is premised on the claim the Constitution imposes upon the state the nondelegable duty to educate its children, which includes transportation furnished them in the discharge of this duty (Cal. Const., art. IX, § § 1, 5 and 9; *Hall* v. *City of Taft,* 47 Cal.2d 177, 181 [302 P.2d 574]; *Piper* v. *Big Pine School Dist.,* 193 Cal. 664, 669 [226 P. 926]); incident to this duty is the power to supervise and control the transportation of students, which it actually has exercised through the enactment of statutes and regulations adopted by the State Board of Education (Ed. Code, § § 16851-16866); the authority to supervise and control the operation of school buses includes the authority to supervise and control the individuals engaged in the operation of the buses; the fact the state has the authority to supervise and control individuals engaged in the operation of school buses, under general principles, would support an inference these

individuals are servants of the state, i.e., employees of the state (*King* v. *Emerson*, 110 Cal.App. 414, 423-424 [288 P. 1099, 294 P. 768]; gen. see *Industrial Ind. Exch.* v. *Ind. Acc. Com.*, 26 Cal.2d 130, 135 [156 P.2d 926]); the school district is merely an agency of the state (*Hall* v. *City of Taft, supra,* 47 Cal.2d 177, 181; *Board of Education* v. *Davidson,* 190 Cal. 162, 168 [210 P. 961]); the employment of a bus driver by the school district is employment by the state through its agent; and, in light of the foregoing, whether Erickson, the bus driver, was an employee of the state was an issue of fact.

Basic to the discussion at bench is the general rule a public entity, which includes the state, is not liable for an injury whether it arises out of an act or omission of the public entity, a public employee or any other person, except as provided by statute (Gov. Code, § 815).

The only statute imposing liability for injuries caused by an act or omission of a public employee is Government Code section 815.2 which imposes liability only on the public entity whose employee caused the injury, and limits liability to an injury caused by the act or omission of such employee within the scope of his employment. The state is not liable to plaintiff under this statute on account of any injuries sustained by the act or omission of Erickson, the bus driver, unless she was an employee of the state and the injuries were caused by her act or omission within the scope of her employment.

The status of school districts as state agencies[1] created pursuant to legislative enactment to discharge the constitutionally imposed duty of a state to educate its children, per se, does not authorize the districts to employ individuals on behalf of the state (cf. *Union Trust Co.* v. *State of California,* 154 Cal. 716, 722, 728-729 [99 P. 183]). ▉ State agencies, even though exercising a portion of the state's powers of government, are not the state or a part of the state (*Pattison* v. *Board of Supervisors of Yuba County,* 13 Cal. 175, 183); and may not act on behalf of the state unless authorized to do so by statute (*Union Trust Co.* v. *State of California, supra,* 154 Cal. 716, 728-729). School districts, by statutory provision, act through school boards and the authority of the districts is measured by the authority statutorily conferred upon the boards. There is no statute conferring authority upon school boards, expressly or by implication, to employ an individual on behalf of the state.

▉ The fact the authority of a school district to operate buses, and

---

[1]The character and authority of state agencies is considered at length in the case of *In re Orosi Public Utility Dist.,* 196 Cal. 43, 52 et seq. [235 P. 1004].

the incidental authority to employ bus drivers, is derived from the state through its Legislature (see Ed. Code, § 16801), does not support the conclusion a bus driver employed by the district is an employee of the state. Unless authorized by statute, the state may not employ a bus driver to operate a bus for a school district (see *Mullan* v. *State,* 114 Cal. 578, 581 [46 P. 670]). The only applicable statute in the premises authorizes the district, and not the state to employ such a driver (Ed. Code, § 13581; 44 Ops.Cal.Atty.Gen. 130). The amount of his compensation is fixed by the district and not by the state (Ed. Code, § 13601). He is paid by the district and not by the state. The scope of his employment is determined by the district and not by the state (Ed. Code, § 13582). The right to control and supervise him is vested exclusively in the district by the state without reservation (Ed. Code, §§ 13582, 13583). He may be discharged by the district for cause, and not by the state (see *Hollon* v. *Pierce,* 257 Cal.App.2d 468, 477-478 [64 Cal.Rptr. 808]; *Lapp* v. *Superior Court.* 205 Cal.App.2d 56, 61 [22 Cal.Rptr. 839]).

The foregoing considerations dictate the conclusion, as a matter of law, a bus driver employed by a school district is not an employee of the state. No triable issue of fact in the premises is involved.

In his arguments on appeal plaintiff, to support his position, relies on the doctrines of *respondeat superior,* ostensible agency and estoppel. His reliance thereon is misplaced. The liability of the state for plaintiff's injuries exists only if imposed by statute, and may not be founded upon the principles of law forming these doctrines. (Gen. see *Susman* v. *City of Los Angeles,* 269 Cal.App.2d 803, 808 [75 Cal.Rptr. 240]; *Datil* v. *City of Los Angeles,* 263 Cal.App.2d 655, 659-660 [69 Cal.Rptr. 788].)

Insofar as plaintiff's action against the state is premised on the asserted duty to properly supervise or provide proper supervision of school children entering upon or disembarking from school buses, it is without foundation in law because the duty does not exist. The duty of the state to educate its children is imposed by the Constitution. Pertinent in the premises are the following provisions thereof: "The Legislature shall provide for a system of common schools . . ." (Cal. Const., art. IX, § 5); "[t]he Public School System shall include all . . . elementary schools . . . established in accordance with law and, in addition, the school districts and other agencies authorized to maintain them" (Cal. Const., art. IX, § 6); and "[t]he Legislature shall have power, by general law, to provide for the incorporation and organization of school districts, . . ." (Cal. Const., art. IX, § 14.) Neither of these constitutional provisions imposed upon the state the duty to supervise school children attending schools operated by

school districts. On the other hand it is apparent therefrom the Constitution intends the broad duties of the state to educate its children shall be discharged through state agencies which are separate public entities. There is no statute imposing liability on the state for the torts of such separate public entities.

Plaintiff's contention the state is jointly liable with the district for the injuries he sustained as a result of the latter's negligent supervision and the negligence of its employee, the bus driver, is premised upon the claimed fact the state and the school district agreed the latter should furnish transportation for its students, and upon Government Code section 895.2, which provides: "Whenever any public entities enter into an agreement, they are jointly and severally liable upon any liability which is imposed by any law . . . upon any one of the entities . . . for injury caused by a negligent or wrongful act or omission occurring in the performance of such agreement." The existence of such an agreement is not pleaded. As a consequence no triable issue of fact respecting such is presented. However, disregarding this defect in the pleading, plaintiff argues the existence of such an agreement is established as a matter of law by virtue of the statute conferring authority upon school districts to operate school buses, prescribing the purposes for which the buses may be used, and otherwise regulating their operation; the authority thus conferred is permissive (*Girard* v. *Monrovia City School Dist.*, 121 Cal.App.2d 737, 743 [264 P.2d 115]); the state "is allowing" the districts to use school buses for designated purposes; and the "net effect is that the school districts agreed to use the school buses in compliance with the State legislation." The alleged agreement upon which plaintiff relies is implied, and not express. The term "agreement," used in Government Code section 895.2, is defined by Government Code section 895 as an "agreement under which a public entity undertakes to perform any function, service or act *with or for* any other public entity . . . whether such agreement is expressed by resolution, contract, ordinance or in any other manner provided by law: . . ." (Italics ours.) The operation of school buses by a school district pursuant to the authority granted by statute is not the performance of a "function, service or act *with or for* the state." (Italics ours.) (See Gov. Code, § 895.) There is no constitutional provision directing or authorizing the state to operate school buses or enter into an agreement with school districts to operate school buses. Even assuming the duty of the state to educate its children encompasses their transportation to school, the constitutional provisions imposing this duty are not self-executing (*People* v. *Board of Ed. of Oakland*, 55 Cal. 331, 336-337), and must be implemented by statute. The only statute in the premises authorizes school districts to

operate school buses (Ed. Code, § 16801 et seq.). There is no statute requiring or authorizing the state to operate school buses or to enter into an agreement with school districts to operate school buses. As any express agreement between these entities in the premises would be void because not authorized by constitutional provision or statute (*Miller & Lux* v. *Batz,* 131 Cal. 402, 404 [63 P. 680]; *Pac. Inter-Club Yacht Assn.* v. *Richards,* 192 Cal.App.2d 616, 619 [13 Cal.Rptr. 730]; see also Cal. Const., art. IV, § 17: *Hilltop Properties* v. *State of California,* 233 Cal.App.2d 349, 366 [43 Cal.Rptr. 605, 37 A.L.R.3d 109]), an implied agreement in the premises may not be predicated on their actions.

The judgment is affirmed.

Ault, Acting P. J., and Cologne, J., concurred.